**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

<table>
<tr><td>

**MELINDA ARMSTRONG, individually and as the natural parent and guardian of RWA, a minor child; RICHARD ARMSTRONG, individually and as the natural parent and guardian of RWA, a minor child,**

Plaintiffs-Appellants,

v.

**UNITED STATES OF AMERICA,**

Defendant-Appellee.

</td><td>

No.    15-35094

D.C. No. 1:13-cv-00163-BLW

**MEMORANDUM**[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted April 5, 2017
Seattle, Washington

Before:    **KOZINSKI** and **W. FLETCHER**, Circuit Judges, and **TUNHEIM**,[**]
Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

**1.** The Forest Service Handbook and Manual are irrelevant to this case because the accident happened in a user-created, dispersed campsite. The provisions on which plaintiffs rely apply only to trees in developed campsites that the Forest Service actively maintains or on National Forest System roads.

**2.** Nor did the Third Pole Project create a mandatory duty for the Forest Service to identify and remediate any particular dead tree in the dispersed campsite. The Third Pole Project was "designed to improve soil, watershed and aquatic conditions," not to address safety issues. "Human Safety" risk was merely one of thirty characteristics of the dispersed campsite that the Forest Service was cataloging. The inventory sheet asked Forest Service personnel to indicate only whether there were any human safety hazards, including hazard trees, at the inspected campsite. It didn't "specifically prescribe[] a course of action" for identifying and remediating dead trees and, therefore, left that decision to the Forest Service's discretion. Berkovitz v. United States, 486 U.S. 531, 536 (1988).

**3.** The Forest Service's decision not to identify and remediate particular dead trees in dispersed campsites is the type of decision that "the discretionary function exception [under the Federal Tort Claims Act] was designed to shield." Id. at 536. As we held in Terbush v. United States, "th[e] process of identifying

and responding to hazards in the wild implicates the [government's] broader policy mandates to balance access with conservation and safety." 516 F.3d 1125, 1137 (9th Cir. 2008).

**AFFIRMED.**